The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.



Mary Ann Whipple
United States Bankruptcy Judge

Dated: October 13 2015

# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| **In Re** ) | Case No. 13-33855 |
| ) | |
| Gary Steven Wietrzykowski and Tina ) | Chapter 7 |
| Renee Wietrzykowski, ) | |
| ) | **JUDGE MARY ANN WHIPPLE** |
| **Debtor(s)** ) | |

### ORDER RE MOTION TO COMPROMISE

The court held hearings on October 8, 2015, on two related matters in this case, the Chapter 7 Trustee's Motion for Authority to Compromise [Doc. # 34] ("Motion") and the Application for Compensation as Special Counsel to the Trustee of Lezzlie Hornsby, Erin C. Murphy and J. Michael Moore [Doc. # 39] ("Application"). Although no objections were filed as to either the Motion or the Application, the court set both for hearing because of a common issue identified by the court. The Chapter 7 Trustee appeared in person at the hearing. There was no appearance by special counsel.

The Trustee hired special counsel to prosecute Debtor Tina Wietrzykowski's products liability/personal injury claim in certain medical device multi district litigation pending in the United States District Court for the Southern District of West Virginia. The court approved their employment on August 12, 2015. [Doc. # 32]. The Application proposed and the court approved compensation on a contingency fee basis of 40% of any settlement amount, plus reimbursement of necessary expenses. [Doc. # 31, 32]. The Motion was filed on August 19, 2015, almost immediately

after special counsel's employment was approved. The Application followed on September 23, 2015.

The proposed compromise provides for a gross settlement award of $115,458.00, less the 40% in attorney's fees (4% of which is then deducted as an MDL fee under another court order) and certain case expenses of $2,327.03 (including another 1% MDL fee under another court order). So far so good. However, the settlement award balance of $66,947.77 remaining after appropriate deduction of these attorney's fees and case expenses is further reduced by $500 identified as a "Bankruptcy Coordination Fee," for a net settlement amount to the estate of $66,447.77.

Likewise, the Application requests approval of the 40% contingency fee, less the 4% MDL fee, for a total fee of $41,584.88 in attorney's fees, which is actually 36% of the settlement amount, plus expenses of $1,186.61 for the firm of Clark, Love & Hutson GP and $485.84 for the J. Michael Moore Law Firm, PC. The $1,186.61 in proposed expenses for the Clark, Love & Hutson firm includes $485.89, plus $200.72 identified as a pro rata share of common expenses, plus the $500 "Bankruptcy Coordination Fee."

The reason the court set both the Motion and the Application for hearing was to address the $500 "Bankruptcy Coordination Fee" appearing on both filings. The Trustee did not have any answer as to what this amount was for, and special counsel did not appear.

The standard for approval of compensation for professionals employed under 11 U.S.C. §327 is set forth in 11 U.S.C. § 330(a)(1). Allowed compensation may include "reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1)(B). Likewise, "[t]he court may, on its own motion or on the motion of...any other party in interest, award compensation that is less than the amount of compensation that is requested." 11 U.S.C. § 330(a)(2).

The $500 "Bankruptcy Coordination Fee" appears to be an arbitrary plug amount. There is no showing what it represents or why a client who is a bankruptcy trustee should have a $500 fee slapped on her bill. The court cannot find that amount to be either an actually incurred amount or a necessary expense of benefit to the bankruptcy estate. Rather, the fee would appear to be for counsel's benefit as its overhead in ensuring that it had client authority to proceed with a settlement and, more particularly, get its attorneys' fees paid without fear of later disgorgement (or worse) should it turn out not to have been authorized because of a pending bankruptcy case of which it was unaware.

The court cannot find that the $500 "Bankruptcy Coordination Fee" represents an actual,

necessary expense for the benefit of the estate. Accordingly, the court will add that amount back into the settlement award balance, for approval of a total compromise amount payable to the Trustee of $66,947.77, which amount the court will approve as fair, equitable and as in the best interests of the estate.

Likewise, the court will deduct the $500 "Bankruptcy Coordination Fee" from the expense reimbursement allowed to the Clark Love & Hutson, GP firm. Instead of expenses of $1,186. 61, the court will authorize reimbursement of $686.61 to the firm as actual, necessary expenses in addition to the requested contingency fee approved in connection with its employment as special counsel.

Based on the foregoing reasons, and as otherwise stated on the record by the court at the hearing,

**IT IS THEREFORE ORDERED** that the Trustee's Motion for Authority to Compromise [Doc. # 34] is **GRANTED,** only to the extent provided in this order; and

**IT IS FURTHER ORDERED** that the Trustee is authorized to accept the net amount of $66,947.77 in full satisfaction of the claims that are the subject of the Motion, calculated as set forth on the AMS Settlement Statement attached as Exhibit A to the Motion but with the $500 "Bankruptcy Coordination Fee" added back into the settlement amount total.

###